NO. 07-03-0281-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 9, 2003

_____

HERMAN J. CHAVEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 2002-478960; HONORABLE L.B. (RUSTY) LADD, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Herman J. Chavez seeks to appeal an order denying his motion for new trial following his conviction for unlawfully carrying a weapon. Finding we have no jurisdiction to consider the appeal, we dismiss.

Appellant was convicted and sentenced by the trial court on January 30, 2003. The court's judgment was signed the same day. Appellant's trial counsel timely filed a motion

for new trial, which was set for hearing on March 6, 2003. Following the hearing, the court announced that the motion for new trial was overruled. The court later signed a written order denying the motion. The record is silent as to when that written order was signed, but it was filed with the trial court clerk on May 9, 2003. Appellant filed his notice of appeal with the trial court on June 9, 2003.

In a letter dated August 4, 2003, the clerk of this court notified appellant and the State that proceedings in this case were abated pending consideration of the court's jurisdiction over the appeal. We invited the parties to submit briefs on the issue of our jurisdiction. Neither party filed a response.

In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R. App. P. 25.2(a), 26.2.[1] A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). Appellant's notice of appeal states that he is appealing the order denying him a new trial "entered on May 9, 2003."

A court must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court. TRAP 21.8(a). If the motion is not timely ruled on by written order, it is deemed denied when the period prescribed in 21.8(a) expires. TRAP 21.8(c).

---

[1]Further references to the Rules of Appellate Procedure will be abbreviated "TRAP."

As noted, the record reflects that appellant was sentenced on January 30, 2003. The period prescribed in TRAP 21.8 by which the motion for new trial must have been ruled on by written order or be deemed denied therefore expired on April 15, 2003. As also noted, the court orally overruled the motion on March 6, at the conclusion of the hearing, but the record is silent as to when the court signed the written order denying the motion. Appellant's notice of appeal indicates that the order was entered on May 9. Whether the written order was signed on or before that date, though, the motion was denied, either by written order or as a matter of law under TRAP 21.8, no later than April 15. *See, e.g., State v. Zavala*, 28 S.W.3rd 658, 659 (Tex.App.–Corpus Christi 2000, pet. ref'd). A notice of appeal of that order was required to be filed no later than May 15, 2003, then, to invoke this court's appellate jurisdiction. TRAP 26.2(a)(1).

Because the notice of appeal was untimely, we have no jurisdiction to take any action in this appeal but to dismiss it. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); *see Olivo*, 918 S.W.2d at 522. Accordingly, the appeal is dismissed.

James T. Campbell
Justice

Do not publish.